382 So.2d 933 (1980)
STATE of Louisiana
v.
Michael MARTIN.
No. 65975.
Supreme Court of Louisiana.
April 7, 1980.
*934 Walter L. Sentenn, Jr., Robert Barnard, Tilden H. Greenbaum, III, New Orleans, Orland Indigent Defender Program, for plaintiff-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Richard J. Petre, Jr., Asst. Dist. Atty., for defendant-relator.
DIXON, Chief Justice[*].
Michael Martin was found in possession of a concealed handgun and was charged with violation of R.S. 14:95.1, a statute which makes it unlawful for those who have been convicted of certain crimes to possess firearms. The bill of information alleged that Martin was convicted in 1976 of simple burglary, one of the offenses enumerated in R.S. 14:95.1. On October 11, 1979 defendant filed a motion to quash the information, contending that the simple burglary conviction was obtained through a guilty plea which was invalid because he was not adequately informed of his right against self-incrimination. After a hearing on the motion, the trial court quashed the bill of information. We granted the state's application for review of that ruling.[1]
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court held that a guilty plea may not be accepted unless there is an affirmative showing that it is intelligently and voluntarily made, evidenced on review by a record which shows defendant's effective waiver of his right against self-incrimination, his right to trial by jury and his right to confront his accusers. In State ex *935 rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), we first applied the principles of Boykin, in the context of a prisoner's attempt to have his prior guilty plea set aside. In State v. Lewis, 367 So.2d 1155 (La.1979), we held that the only previous pleas of guilty which could be used to enhance a sentence are those supported by a contemporaneous record of a Boykin examination demonstrating the free and voluntary nature of the plea of guilty with the articulated waiver of the constitutional rights required by Boykin v. Alabama, supra. In Lewis, we also referred to possession of a firearm by a convicted felon, the offense with which Martin is here charged, as an example of the sentence enhancement use of a previous plea of guilty. Defendant was therefore correct in contending that the bill of information must be quashed if the record of his prior guilty plea does not show that he was adequately informed of his right against self-incrimination.
The transcript of the 1976 proceeding in which Martin entered a plea of guilty shows that the trial judge's sole reference to defendant's right against self-incrimination was made in the following terms:
"Now, you also waive your right by not going to trial you waive your right to question witnesses against you. By pleading guilty, you're also waiving your right to remain silent because you're not remaining silent when you plead guilty. Do you understand that?"
The issue presented by this language is not whether the judge erred in failing to pronounce the magic words, "right against self-incrimination." We recognize that the purpose underlying the rule of Boykin is to ensure the defendant's receipt of adequate information, so that his decision to plead guilty is truly intelligent and voluntary, and that this information may successfully be conveyed in words tailored to a particular individual's vocabulary and comprehension. See State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (La.1972). Instead, our inquiry must focus on the nature of the decision an accused makes when he chooses to plead guilty, so that we may determine the type of information he must have in order that this decision be truly intelligent and voluntary.
In North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162, 168 (1970), the test for determining the validity of guilty pleas was described by the United States Supreme Court:
". . . the standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.. . ."
The identity of these "alternative courses of action" emerges clearly from Alford, a case in which the defendant denied that he had committed the crime with which he was charged, but nevertheless chose to enter a plea of guilty:
". . . Although denying the charge against him, he nevertheless preferred the dispute between him and the State to be settled by the judge in the context of a guilty plea proceeding rather than by a formal trial. . . ." 400 U.S. at 32, 91 S.Ct. at 165, 27 L.Ed.2d at 168.
In finding that an express admission of guilt is not a constitutional requirement for the imposition of a criminal penalty, the court noted that most pleas of guilty consist of two elements, an admission of guilt and a waiver of trial, but that the admission of guilt is not a necessary element. It appears, then, that in deciding whether or not to plead guilty, an accused must make two separate choices. One choice, whether to admit his guilt or to deny it, is not constitutionally essential to the plea itself. The other, whether to risk standing trial and being found guilty by the trier of fact or to avoid a trial and plead guilty (often of a lesser offense) is the crucial element of his decision. It is with regard to the latter element that an accused must be fully informed: he must be told what three basic rights at trial are guaranteed to him by the Constitution, so that he might, with some degree of basic information, weigh his chances of success against his chances of failure in a trial.
*936 It is obvious that two of the rights about which an accused must be fully informed, the right to trial by jury and the right to confront his accusers, have meaning only in the context of his waiver of his right to trial. On the other hand, the nature of the third right, the right against self-incrimination, is broader, because this right may be exercised not only at trial but also before trial, during any custodial interrogation. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). It was probably this ambiguity which led the judge who "boykinized" Martin to direct his attention only to the immediate, non-trial aspect of this privilege and its waiver, omitting any reference to the defendant's right to stand trial without being forced to testify against himself. The information conveyed to Martin by this presentation of his right against self-incrimination was insufficient, however, because the choice to stand trial or not is the crux of the decision to plead guilty. An accused cannot make this choice intelligently if he is unaware of the rights which he may exercise at trial. The record of the guilty plea proceeding shows that Martin waived his right to remain silent at that proceeding, but it does not show an intention to waive his right not to testify against himself at a trial. For this reason, his guilty plea may not be used as the basis for the charged entered against him, and the bill of information was properly quashed.
The judgment of the district court is affirmed.
MARCUS, J., dissents and assigns reasons.
EDWARD A. de la HOUSSAYE, J. Ad Hoc, dissents for reasons assigned by MARCUS, J.
MARCUS, Justice (dissenting).
In State v. Holden, 375 So.2d 1372 (La. 1979), we restricted the application of State v. Lewis, 367 So.2d 1155 (La.1979), to Louisiana convictions subsequent to December 8, 1971 (date of Jackson's finality). Lewis and Holden both involved habitual offender proceedings (La.R.S. 15:529.1). I would overrule both Lewis and Holden. Therefore, I would not extend the application of Lewis as modified by Holden to La.R.S. 14:95.1 (possession of firearm or carrying of concealed weapon by a person convicted of certain felonies). Accordingly, I respectfully dissent.
NOTES
[*] Honorable Edward A. de la Houssaye III participated in this decision as an Associate Justice Ad Hoc.
[1] In a motion to quash filed on November 8, 1979 Martin attacked his guilty plea not only on the original ground but also on the ground that he was not advised of his right to confront his accusers and to compulsory process. This latter ground was not before the judge when the first motion to quash was argued and granted on October 11, 1979. It also appears from the record that the November motion to quash, presenting this new argument, was withdrawn on November 26, 1979. Although most of defendant's brief is devoted to the latter argument, the issue is not properly before us.