DIXON, Chief Justice.
The defendant was charged with violation of R.S. 14:95.1, possession of a firearm by a convicted felon. The bill of information recited that defendant had been convicted in 1976 of simple burglary, which is one of the crimes enumerated in R.S. 14:95.-1. Defendant filed a motion to quash the information on the basis that the prior conviction was obtained through a guilty plea that did not conform with the standards established in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The district court granted the motion, and the state seeks review of that ruling.
Boykin v. Alabama, supra, held that a guilty plea cannot be accepted without an affirmative showing, spread on the record, that the plea was intelligently and voluntarily made. In order to evidence the intelligent and voluntary nature of the plea, the record must indicate that the defendant was informed of the privilege against self-incrimination, the right to trial by jury, and the right to confront one’s accusers. This court recognized the Boykin decision in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), and later applied the Boykin standards to sentence enhancement proceedings in State v. Lewis, 367 So.2d 1155 (La.1979). In State v. Martin, 382 So.2d 933 (La.1980), it was held that a guilty plea must meet the standards of Boy-kin in order to be used against a convicted felon who is charged with possession of a firearm. At issue, then, is whether the defendant in the present case was properly “Boykinized” when he entered a plea of guilty to the charge of simple burglary.
The following colloquy occurred between the trial judge and the defendant when the 1976 guilty plea was made:
“By the court: When you plead guilty . . . you waive certain constitutional rights. You have a right to trial, trial by jury, but when you plead guilty you’re waiving your right to trial by jury. You are also waiving your right to be tried by the judge if you wanted to. Do you understand that . . . ?
By defendant Virgil: Yes, sir.
By the court: When you waive your right to trial, you also waive your right to question the witnesses against you, your right to remain silent and your right to take an appeal if you were found guilty at trial. Do you understand that?
By defendant Virgil: Yes, sir.”
Whilé the defendant concedes that he was fully apprised of his right to trial by jury and his right of confrontation, he contends that he was not adequately informed of his privilege against self-incrimination, and argues that his guilty plea is for that reason invalid.
The state urges this court to reevaluate its holding in State v. Martin, supra, in light of the recent United States Supreme Court decision in Lewis v. United States, *522 455 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). In that opinion, the United States Supreme Court held that a valid prior conviction is not required as a predicate for charging a felon with possession of a firearm under a federal statute similar to R.S. 14I95.1.[1] Based upon that holding, the prosecution argues that defendant should not be permitted to make a “collateral attack” on his prior conviction in order to question the validity of the firearms charge.
In Lewis v. United States, supra, the court cited a scant legislative history in which the sponsor of the legislation “repeatedly stressed conviction, not a ‘valid’ conviction, and not a conviction not subject to constitutional challenge, as the criterion” for prosecuting a convicted felon under the federal firearms statute. 455 U.S. at 62, 100 S.Ct. at 919, 63 L.Ed.2d at 207. The court then concluded that the government was not required to prove the validity of the predicate conviction. In contrast to the tenor of Lewis v. United States, Louisiana courts are forbidden “to create crimes not provided for” in the provisions of the Criminal Code, which also requires the courts to give the provisions of the law “a genuine construction, according to the fair import of their words, taken in their usual sense ...” R.S. 14:3. To hold that the word “convicted,” as used in R.S. 14:95.1, could genuinely be construed to include invalid, unconstitutional convictions would be to ignore that duty. Nor are we required to hold that the United States Supreme Court’s interpretation of a federal statute involving a unique legislative history is controlling in this jurisdiction, even though the statute is similar to Louisiana’s. Compare State v. Holden, 375 So.2d 1372 (La.1979) (Dixon, J., dissenting).
The United States Supreme Court in Lewis v. United States, supra, seems to have reached its decision by application of a doctrine which has not been employed in Louisiana since the Boykin case: “collateral constitutional challenge” of an invalid conviction was not permitted. We have yet to apply this federal (or common law?) doctrine, but have generally adopted a straightforward attitude in “Boykin” cases; an unconstitutional Louisiana conviction cannot be employed by the state to the prejudice of a defendant.
We therefore reaffirm our holding in State v. Martin, supra, as dispositive of this case. Significantly, that decision involved the acceptance of a guilty plea by a judge who omitted any reference “to the defendant’s right to stand trial without being forced to testify against himself.” 382 So.2d at 936. The defendant in that case was only informed of the non-trial aspect of the privilege against self-incrimination, which may have prevented him from intelligently determining his chances of success or failure in a trial.
However, in the case before us, the record of the guilty plea proceeding shows that the defendant was fully apprised of his right to exercise the privilege against self-incrimination in a trial: “When you waive your right to trial, you also waive ... your right to remain silent ...” This language plainly indicated to the defendant that the right to remain silent is one of the rights that may be exercised at trial. The clear import of the words is that, if the defendant chose to stand trial, he could not be compelled to. testify against himself. For that reason, the case is different from State v. Martin, supra. The defendant here was adequately informed of his right to remain silent during trial.
The decision of the trial court in granting the motion to quash the information filed against the defendant is reversed, and the case is remanded for further proceedings.
LEMMON and MARCUS, JJ., concur and assign reasons.
BLANCHE, J., concurs but is of the opinion that State v. Martin, 382 So.2d 983 (La.1980) should be overruled.

. The defendant in Lewis v. United States, supra, was charged with violating 18 U.S.C.App. § 1202(a)(1), which makes it unlawful for any person who “has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony” to possess a firearm.