392 So.2d 448 (1980)
STATE of Louisiana
v.
Leon WILLIAMS, Jr.
STATE of Louisiana
v.
Eric JOHNSON.
Nos. 80-K(A)-1444, 80-K(A)-1689.
Supreme Court of Louisiana.
December 15, 1980.
Dissenting Opinion December 19, 1980.
Rehearing Denied January 26, 1981.
*449 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., David Paddison, Joseph Meyer, Jr., Asst. Dist. Attys., for plaintiff-relator.
Morris Hyman, New Orleans, Orleans Indigent Defender Program, for defendant-respondent, Leon Williams, Jr.
James C. Lawrence, Jr., New Orleans, Orleans Indigent Defender Program, for defendant-respondent, Eric Johnson.
WATSON, Justice.
In separate proceedings, defendants, Leon Williams, Jr. and Eric Johnson, were charged with being felons in unlawful possession of firearms. LSA-R.S. 14:95.1. Defendants filed motions to quash the charges, alleging that their prior guilty pleas were defective under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The charges were quashed because the previous convictions were entered without valid waivers of Williams' privilege against self-incrimination, and Johnson's right to a jury trial. The State was granted writs of certiorari.
The State contends that defendants are barred from a collateral attack on their prior pleas by the decision in Lewis v. United States, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). Lewis held that 18 U.S.C. App. § 1202(a)(1),[1] the federal equivalent to LSA-R.S. 14:95.1,[2] prohibits a convicted felon from possessing a firearm even if the predicate felony is subject to collateral attack on constitutional grounds. The prior conviction of Lewis was allegedly based on an uncounselled guilty plea. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. *450 792, 9 L.Ed.2d 799 (1963).[3] Lewis had served his prison term but had not been pardoned or had his conviction vacated. The United States Supreme Court relied on the legislative history which reflected:
"... an intent to impose a firearms disability on any felon based on the fact of conviction. Senator Long, who introduced and directed the passage of Title VII, repeatedly stressed conviction, not a `valid' conviction, and not a conviction not subject to constitutional challenge, as the criterion...." 445 U.S. 62, 100 S.Ct. 919, 63 L.Ed.2d 207.
LSA-R.S. 14:95.1 is also directed at "... any person who has been convicted of..." certain offenses. As in the federal statute: "No modifier is present, and nothing suggests any restriction on the scope of the term `convicted'." 445 U.S. 60, 100 S.Ct. 918, 63 L.Ed.2d 206. One classified as a convicted felon loses his right to bear arms. State v. Clement, 368 So.2d 1037 (La.1979). Until that status is changed and the disability removed, a convicted felon can possess a gun only if: (1) ten years have passed; or (2) a special permit is granted. LSA-R.S. 14:95.1 C(1) and (2). [Compare 18 U.S.C. § 925(c).] The Louisiana statute is less restrictive than 18 U.S.C. App. § 1202, which applies to all felonies, and does not provide for a prescriptive period. The Louisiana legislature, like Congress, "... could rationally conclude that any felony conviction, even a allegedly invalid one, is a sufficient basis on which to prohibit the possession of a firearm." 445 U.S. 66, 100 S.Ct. 921, 63 L.Ed.2d 210. LSA-R.S. 14:95.1 represents a reasonable exercise of the police power.
"Its purpose is to limit the possession of firearms by persons who, by their past commission of certain specified serious felonies, have demonstrated a dangerous disregard for the law and present a potential threat of further or future criminal activity." State v. Amos, 343 So.2d 166 at 168 (La.1977).
That threat is not lessened by a technical defect in the prior felony conviction.
State v. Martin, 382 So.2d 933 (La.1980), decided without knowledge of United States v. Lewis, supra, held that a defect in the guilty plea to the predicate felony is a defense to a charge under LSA-R.S. 14:95.1. Dicta in State v. Virgil, 390 So.2d 520 (1980) reaffirmed Martin. However, in light of the United States Supreme Court's guidelines in Lewis, State v. Martin is overruled. A person charged under LSA-R.S. 14:95.1 cannot attack the predicate felony on collateral constitutional grounds.
For the foregoing reasons, the trial courts' rulings are vacated and set aside, and the cases are remanded for further proceedings.
REVERSED AND REMANDED.
DIXON, C. J., dissents.
CALOGERO, J., dissents and assigns reasons.
DENNIS, J., dissents for reasons assigned by CALOGERO, J.
CALOGERO, Justice, dissenting.
I cannot agree with the majority that the case of Lewis v. United States, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), is authority for holding Boykin inapplicable to the case at bar. Whatever the merit of the Lewis decision, that case dealt with a federal firearm law which, while similar to our R.S. 14:95.1 in import, was preceded by a legislative history that has not been shown to be common to our statute and which the Lewis court relied heavily upon in its determination of that case; hence, it is inapplicable.
*451 Considering the Louisiana statutory and Constitutional provisions I am of the opinion that the absence of Boykin waivers in the defendants' precedent convictions preclude defendants' classification as a "felon" in a prosecution for violating R.S. 14:95.1. A felon, in my view, is one who has been properly convicted of a felony.
For the reason that the defendants' prior guilty pleas were defective under Boykin, I would follow our line of cases beginning with State v. Martin, 382 So.2d 933 (La. 1980), and reaffirmed by State v. Virgil, 390 So.2d 520 (La.1980), and affirm the decision of the district court quashing the bills of information.
NOTES
[1] 18 U.S.C. App. § 1202(a)(1) provides in pertinent part:

"(a) Any person who
"(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, or
* * * * * *
"and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both." See also 18 U.S.C. § 922(h)(1).
[2] LSA-R.S. 14:95.1 provides in pertinent part:

"A. It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon.
* * * * * *
"C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
"(1) The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.
"(2) Upon completion of sentence, probation, parole, or suspension of sentence the convicted felon shall have the right to apply to the sheriff of the parish in which he resides, or in the case of Orleans Parish the superintendent of police, for a permit to possess firearms. The felon shall be entitled to possess the firearm upon the issuing of the permit. * *"
[3] His uncounselled plea could not have been used for enhancement of punishment under a recidivist statute, such as Louisiana's habitual offender law, LSA-R.S. 15:529.1. State v. Lewis, supra; State v. Holden, 375 So.2d 1372 (La. 1979); Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). The prior plea also could not have been considered for sentencing purposes, United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) and State v. Williams, 384 So.2d 779 (La.1980), or to impeach his credibility. Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972).