LEAR, Justice Ad Hoc.*
Defendant, Kenneth Washington, was charged by bill of information with the crime of armed robbery, a violation of R.S. 14:64. He entered a guilty plea to that charge on October 23, 1980. On that date, he was advised of his rights by the trial judge and, in connection with the plea a Boykin waiver form was executed and filed into the record. Delay in sentencing was waived by the defendant, and the trial judge imposed a sentence of ten years at hard labor. Defendant appeals on two assignments of error.
In Assignment of Error No. 1, defense counsel argues that the trial court committed reversible error in not properly advising and counseling the defendant prior to entry of his guilty plea. Defendant submits that he was not advised of his privilege against self-incrimination and his right to remain silent at trial.
*193 According to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) a constitutionally valid guilty plea requires that the defendant expressly and knowingly waive his right to jury trial, confrontation of witnesses and privilege against self-incrimination. In Boykin the United States Supreme Court also advised (if it did not expressly require) the trial court to conduct an on-the-record examination of the defendant which should include an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences. Boykin, supra, 395 U.S. at 245 n. 7, 89 S.Ct. at 1713 n. 7 ** “Currently in every Louisiana felony case, the trial judge is required to articulate the three rights described in Boykin . . . . ” State v. Cusher, 400 So.2d 601 (La.1981); State v. Warren, 402 So.2d 662 (La.1981); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971); State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972). In State v. Williams, 384 So.2d 779 (La.1980) this court stated that in order to satisfy the Boykin mandate in a way which can be properly reviewed on appeal, the record should:
“.. . [cjontain on its face direct evidence that the accused was made aware by the trial judge of his right to a jury trial, his right to confront accusers, and his privilege against compulsory self-incrimination [citation omitted]. To allow any more indirect showing would be to satisfy Boykin’s requirement of an affirmative showing of defendant’s waiver of his constitutional rights by means of ‘murky memories’ — exactly what Boykin indicates is insufficient.” Williams, supra, at 781.
In the present case, the trial judge personally undertook the explanation of the nature of the crime to defendant and the consequences of pleading guilty. That explanation did not specifically address defendant’s privilege against self-incrimination at trial. Instead, after carefully explaining the right of trial by jury, and the right to confront his accusers, the trial court then asked simply, “Do you understand that by pleading guilty, you are telling this court that you have in fact committed the crime to which you are pleading guilty?” Defendant replied, “Yes.”
The record of the plea colloquy thus indicates that the trial court did not personally explain the privilege in the same kind of detail that it addressed the other Boykin rights. Instead, the court focused on the waiver of the privilege with the entry of the guilty plea. State v. Martin, 382 So.2d 933, 936 (La.1980),[1] this court emphasized that, “. . . the choice to stand trial or not is the crux of the decision to plead guilty,” and that “[a]n accused cannot make this choice intelligently if he is unaware of the rights which he may exercise at trial.” Martin thus requires that the record adequately demonstrate not only defendant’s waiver of his right to remain silent at the plea taking, but also his “. . . intention to waive his right not to testify against himself at a trial.” Id. 382 So.2d at 936.
The record of the plea colloquy in this case may therefore be technically deficient under State v. Martin, supra. However, in State v. Dunn, 390 So.2d 525 (La.1980), this court upheld the trial court’s refusal to set aside a guilty plea although the colloquy *194 between the trial judge and the defendant did not include an explanation to the defendant of his right against self-incrimination. This court found that the plea was constitutionally sufficient in that there was an affirmative showing in the record of an express and knowing waiver of the right. Thus, Dunn seems to hold that if there is an otherwise adequate plea waiver form in the record and the trial court has a basis for concluding that defendant has read the form, discussed it with counsel, and understood it, the conviction will be allowed to stand. Dunn signaled this court’s first retreat from a rigid application of the holding in Williams that the trial court must personally conduct the plea colloquy. In the recent case of State v. Halsell, 403 So.2d 688 (La.1981), Dunn has now taken deeper root. The opinion in Halsell reaffirms the importance of a contemporaneous record of the plea colloquy under Boykin, noting that “[w]hen the record is thus completed, the task of review is greatly facilitated, and the need for post conviction hearings is obviated.” The opinion also observes, however, that “[wjhile it is preferable for the trial judge to conduct a colloquy with a defendant to ascertain the validity of the plea, such a colloquy may not be indispensable, so long as the record contains some other affirmative showing to support the plea.”
In the instant case, defendant executed a form entitled “Defendant’s Acknowledgement of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty.” This form (attached hereto) was signed by defendant, his attorney and the trial judge. The form advised the defendant of his privilege against self-incrimination. The defense counsel in the plea colloquy advised the court that he explained the form thoroughly to the defendant.
“MR. WEIDNER:
“Your Honor, also in connection with this matter, the Boykinization form, I have went over the form with Mr. Washington in detail. I have signed it and Mr. Washington signed it in my presence. However, I would like to inform the Court that Mr. Washington told me he can read, but he does not read very well. For that reason, I made certain to go through the form with him in detail.”
It appears from the record that there was an adequate plea waiver form in the record, and the trial court had a basis for concluding that defendant had read the form, discussed it with counsel and understood it. As Halsell, supra, notes, a trial court is entitled to rely on the representation of counsel, by way of his signature on the waiver form, and his statements in open court, that he explained fully defendant’s Boykin rights to him.
For these reasons, this assignment is without merit.
In Assignment of Error No. 2, defendant argues that the trial court erred in failing to articulate reasons for sentencing in compliance with Article 894.1 and further that the sentence imposed was excessive.
At the Boykin colloquy conducted on October 23, 1980, the trial court sought defendant’s assurance he understood that “.. . in the event I accept your plea of guilty . . . you would be sentenced as follows: ten years at hard labor without benefit of parole, probation or suspension of sentence, with credit for time served?” Defendant replied, “Yes, sir.” The printed waiver form filed into the record also reflects that understanding. At the close of the plea hearing, and after defendant waived all delays in sentencing, the trial court then made the following brief observation:
“[t]he facts of this case indicate that this defendant was the one who held the gun in connection with the armed robbery. That is a very serious offense. That the defendant is in need of correctional treatment, or custodial environment that can be provided most effectively by his commitment to an institution. That a lesser sentence would deprecate the seriousness of the defendant’s crime.”
This court has held that imposition of sentence even within statutory limits, may violate defendant’s right under the Louisi *195 ana Constitution against excessive punishment. Thus, it has been determined that excessiveness of sentence poses a question of law reviewable under the appellate jurisdiction of this court. State v. Sepulvado, 367 So.2d 762 (La.1979). The trial judge’s reasons in imposing sentence, as required by La.C.Cr.P. art. 894.1, are an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Forshee, 395 So.2d 742 (La.1981); State v. Day, 391 So.2d 1147 (La.1980); State v. Spencer, 374 So.2d 1195 (La.1979). This court has held that a sentence may be vacated and a case remanded for resentencing when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record. State v. Day, supra, 391 So.2d at 1151; State v. Daranda, 388 So.2d 759 (La.1980). The present case raises the issue of whether a trial judge can forego articulating the reasons for the sentence imposed when defendant has agreed to the recommended sentence in a plea bargain and whether such agreement precludes the defendant from attacking the sentence as excessive. The recent case of State v. Curry, 400 So.2d 614 (La.1981), answered these questions affirmatively. In Curry, defendant challenged his sentence as excessive and imposed by the court without enumerated reasons. The sentence was the result of a plea bargaining agreement and all parties agreed to the sentence to be imposed, including the trial judge, before its acceptance and imposition. This court stated that “[ujnder the circumstances we believe there was no necessity for listing enumerated reasons and that defendant cannot complain of excessive length.” See Dixon, C. J., concurring in State v. Williams, 340 So.2d 1382 (La.1976).
In this case, therefore, the trial court need not have made any of its closing remarks at the plea hearing. Standing alone, the reasons articulated by the trial court were arguably inadequate under Article 894.1 as they reflected no consideration of mitigating facts as well as aggravating circumstances. State v. Franks, 373 So.2d 1307 (La.1979). Nevertheless, they do indicate that the sentence was not imposed arbitrarily and that it was not excessive. State v. Williams, 397 So.2d 1287 (La.1981). Armed robbery is one of the most serious offenses in Louisiana. State v. Douglas, 389 So.2d 1263 (La.1980), and defendant’s sentence was only twice the minimum within a range of 99 years provided by R.S. 14:64. The trial court’s observation that defendant had been the one to wield the pistol, and thereby risk the harm that characterizes armed robbery as an offense, State v. Douglas, supra, provides a rational basis for the imposition of the sentence. Apart from the plea negotiations in the case, therefore, defendant’s sentence is not an apparently severe one, and no remand under Article 894.1 is necessary. State v. Davenport, 399 So.2d 201 (La.1981); State v. Russell, 397 So.2d 1319 (La.1981); State v. Day, supra, State v. Cox, 369 So.2d 118 (La.1979).
This assignment of error lacks merit.
AFFIRMED.

 Judges Chiasson, Edwards and Lear of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon, Justices Marcus, Blanche and Lemmon.

 In fact, in Brady v. United States, 397 U.S. 742, 747 n. 4, 90 S.Ct. 1463, 1468, n. 4, 25 L.Ed.2d 747 (1970) the Supreme Court emphasized that “[t]he new element added in Boykin was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understanding^ and voluntarily.”

. “In Martin we held that a-defect in the guilty plea to the predicate felony is a defense to a charge under LSA-R.S. 14:95.1 (being a felon in unlawful possession of firearms). However, subsequent to that decision, the United States Supreme Court held that 18 U.S.C.App. Sect. 1202(a)(1), the federal equivalent to LSA-R.S. 14:95.1, prohibits a convicted felon from possessing a firearm even if the predicate felony is subject to collateral attack on constitutional grounds. Lewis v. United States, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). Thereafter, we specifically overruled Martin, but only as it relates to a charge brought under LSA-R.S. 14:95.1.