461 So.2d 336 (1984)
STATE of Louisiana, Appellant,
v.
Pete BAILEY, Jr., Appellee.
No. 16482-KA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1984.
Smith & Hingle by J. Randolph Smith, Monroe, for appellee.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Johnny Parkerson, Dist. Atty., Geary S. Aycock, Asst. Dist. Atty., Monroe, for appellant.
Before HALL, JASPER E. JONES and FRED W. JONES, Jr., JJ.
JASPER E. JONES, Judge.
The state appeals a trial court ruling of March 12, 1984 sustaining a motion to quash a bill of information which charges the defendant, Pete Bailey, Jr., with possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1.[1] At the time *337 the bill was filed defendant's appeal of the predicate felony conviction was pending before this court. The trial court found the term "convicted of" as used in 14:95.1 means a conviction that has become final either because it was not appealed or because it was affirmed on appeal. The state contends defendant was convicted of the predicate offense for purposes of 14:95.1 when the jury returned a guilty verdict. We reverse.
On July 13, 1983 a jury found defendant guilty of possession of cocaine and he appealed the conviction to this court. While the appeal was pending, defendant was arrested for the 14:95.1 violation, on November 1, 1983, and the bill of information charging him with that offense was filed on November 21, 1983. In a decision rendered June 6, 1984 we affirmed the possession of cocaine conviction. State v. Bailey, 452 So.2d 756 (La.App.2d Cir.1984).
As authority for his ruling the trial judge relied on State v. Gani, 157 La. 231, 102 So. 318 (1924). There the supreme court noted that the term "conviction" is ordinarily used to designate the stage in the criminal proceedings when the accused pleads guilty or the jury returns a guilty verdict; however, it is sometimes used to denote the final judgment of an appellate court. The court opined the latter definition is applicable when the conviction is made the ground of some disability or special penalty.
In Gani the defendant was charged with and found guilty of a second offense liquor law violation. At the time of his trial on the second offense the supreme court had affirmed his conviction on the first offense but the delays for rehearing had not expired. The court held there could be no conviction for a second offense because the judgment affirming the conviction on the first offense was not final at the time of trial.
The state argues that Gani was legislatively overruled by LSA-C.Cr.P. art. 934(3) which defines "convicted" as meaning adjudicated guilty after a plea or after trial on the merits. Article 934(3) was adopted subsequent to the rendition of Gani by Acts of the Legislature 1966, No. 310. It is the only statutory or codal definition of the term in Louisiana law.
The legislature has directed the courts to give the provisions of the Criminal Code a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context and with reference to the purpose of the provision. LSA-R.S. 14:3. We agree that the usual definition of convicted is that contained in article 934(3), however, the cases following the enactment of article 934(3) continued to follow the rule announced in Gani where the conviction is the ground of some disability or special penalty. See Sportservice Corp. v. Department of Public Safety, 293 So.2d 530 (La.App. 4th Cir. 1974); State ex rel. Clark v. Hunt, 337 So.2d 438 (La.1976); State ex rel. Maenza v. Phelps, 342 So.2d 869 (La.1977).
In Sportservice Corp., supra, the fourth circuit, relying on Gani, reversed the revocation of an alcoholic beverage permit where the revocation was based on a conviction that was not yet final because the applicant's appeal of the conviction was pending.
In State ex rel. Clark, supra, the defendant was convicted of a felony while on parole from the state penitentiary. While his appeal of the conviction was pending, the Parole Board brought proceedings to revoke his parole under LSA-R.S. 15:574.10 which states that when a person on parole is convicted of a felony his parole is deemed revoked.[2] In reversing the revocation *338 the supreme court, citing with approval Gani and Sportservice Corp., held:
Under the statute the conviction itself is conclusive that a violation of parole has occurred. See State ex rel. Bertrand v. Hunt, La., 325 So.2d 788 (1976). To have this conclusive effect, however, the conviction must be final, that is, the appeal of right to the Louisiana State Supreme Court must be terminated. In the context of the statute, the term "convicted" means that guilty has been determined by a final judgment. (emphasis in the original)
In State ex rel. Maenza, supra, the supreme court does not discuss Gani but it follows State ex rel. Clark in vacating a parole revocation based on a conviction that was not final.
The state urges this court to follow federal cases interpreting 18 U.S.C.App. § 1202(a)(1) which is the federal statute prohibiting the possession of a firearm by a convicted felon.[3] A conviction on the firearm violation is valid where the appeal of the predicate conviction is pending. Lewis v. United States, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). See United States v. MacGregor, 617 F.2d 348 (3d Cir. 1980), which holds that a conviction for a violation of § 1202(a)(1) is valid even though the predicate conviction is subsequently reversed on appeal. In Lewis, supra, the court stated in footnote 5 that, "the disability effected by § 1202(a)(1) would apply while a felony conviction was pending on appeal." The Lewis court held the defendant's prior conviction, which was constitutionally inform because the defendant pled guilty without benefit of counsel, could serve as the predicate for the § 1202(a)(1) violation.
The federal statute states, "Any person who has been convicted by a court of a felony is prohibited from possessing a firearm." The phrase by a court was interpreted in Lewis to mean the conviction in the lower court and the court stressed the plain wording of the statute contained no limitation requiring the lower court's conviction to be valid as a condition precedent to a valid conviction under the congressional statute. 14:95.1 states, "any person who has been convicted of." It does not contain the by a court phrase and the defendant argues this difference in the wording of the two statutes requires the conclusion that the conviction in Louisiana must be final in order to serve as the predicate offense.
In State v. Martin, 382 So.2d 933 (La. 1980) the defendant filed a motion to quash a charge of possession of a handgun after having pled guilty to the charge of simple burglary in 1976 on the grounds the burglary conviction was invalid. The trial court quashed the LSA-R.S. 14:95.1 bill of information because it concluded the conviction on the predicate offense was invalid because the plea was accepted following a Boykinization that failed to properly advise the defendant of his right against self-incrimination. The supreme court reviewed the case upon a writ application by the state and affirmed the trial court action. The Martin case was following the basic philosophy of Gani, Clark and Maenza in holding the conviction had to be free of *339 defects to serve as a predicate for the 14:95.1 conviction. While the predicate conviction in Martin had not been appealed the concept of Martin was that only a valid conviction could serve as the predicate, which was consistent with the earlier cases which held a conviction on appeal had not been finally adjudicated as valid and for this reason could not serve as a predicate on the fact situations being considered by them.
In State v. Virgil, 390 So.2d 520 (La. 1980) the supreme court reviewed a ruling by the trial court quashing a 14:95.1 bill of information on the grounds the predicate conviction was invalid because of a defective Boykinization on the waiver of the right against self-incrimination. The state urged the court to apply the rule of Lewis v. United States, supra, and construe the term "convicted" contained in 14:95.1 to include invalid convictions as the Lewis court had construed the similar federal act. The court rejected the Lewis approach to the 14:95.1 and adhered to the rationale of State v. Martin requiring the predicate in 14:95.1 prosecutions to be valid convictions. The court in Virgil found the trial court Boykinization on the predicate offense to be adequate and on this basis reversed the trial court's ruling granting the motion to quash.
In State v. Williams, 392 So.2d 448 (La. 1980) the court followed Lewis and held that a person charged under 14:95.1 cannot attack the predicate felony conviction on collateral constitutional grounds. During the course of the opinion the court, quoting in part from Lewis, stated:
LSA-R.S. 14:95.1 is also directed at "... any person who has been convicted of ..." certain offenses. As in the federal statute: "No modifier is present, and nothing suggests any restriction on the scope of the term `convicted'." 445 U.S. 60, 100 S.Ct. 918, 63 L.Ed.2d 206. One classified as a convicted felon loses his right to bear arms. State v. Clement, 368 So.2d 1037 (La.1979). Until that status is changed and the disability removed, a convicted felon can possess a gun only if: (1) ten years have passed; or (2) a special permit is granted. LSA-R.S. 14:95.1C(1) and (2). [Compare 18 U.S.C. § 925(c).] The Louisiana statute is less restrictive than 18 U.S.C.App. § 1202, which applies to all felonies, and does not provide for a prescriptive period. The Louisiana legislature, like Congress, "... could rationally conclude that any felony conviction, even a (sic) allegedly invalid one, is a sufficient basis on which to prohibit the possession of a firearm." 445 U.S. 66, 100 S.Ct. 921, 63 L.Ed.2d 210. LSA-R.S. 14:95.1 represents a reasonable exercise of the police power.
The Williams case points out the purpose of 14:95.1 is to prohibit persons, who have committed certain serious felonies and thereby demonstrated a dangerous disregard for the law and a potential threat of future criminal activities, from possessing firearms. The court was here stressing the reason behind the law is to keep guns out of the possession of convicted felons to protect the public from their future criminal action. The court then stated: "That threat is not lessened by a technical defect in a prior felony conviction." The court then specifically overruled State v. Martin and rejected the dicta in State v. Virgil which had approved Martin.
Though the court in Williams did not address the meaning of conviction as defined to include only a final conviction in Gani and it's progeny, the Williams court unequivocably held that an invalid conviction containing technical defects can serve as a 14:95.1 predicate. We conclude that the very purpose of an appeal is to determine the correctness of "allegedly" invalid convictions and those containing technical defects. Since convictions subject to these infirmaties can serve as the predicate for a 14:95.1 prosecution there is no sound reason why a conviction pending on appeal cannot serve as a 14:95.1 predicate.
The conviction need not be finally adjudicated as valid to serve as the 14:95.1 predicate.
*340 The trial court's ruling quashing the bill of information is vacated and set aside and the case is remanded for further proceeding.
NOTES
[1] 14:95.1 A provides:

§ 95.1. Possession of firearm or carrying concealed weapon by a person convicted of certain felonies
A. It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, burglary of a pharmacy, burglary of an inhabited dwelling, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon. (emphasis added)
[2] 15:574.10 provides:

§ 574.10. Conviction of a felony while on parole
When a person is convicted in this state of a felony committed while on parole, his parole shall be deemed revoked as of the date of the commission of the felony. His parole officer shall inform the sentencing judge of the fact that the convicted defendant is a parole violator. The term for which the defendant shall be imprisoned as a parole violator shall be the same as that provided in cases of revocation of parole for violation of the conditions of parole. The new sentence of imprisonment shall be served consecutively to the term of imprisonment for violation of parole unless a concurrent term of imprisonment is expressly directed by the court.
[3] 18 U.S.C.App. § 1202(a)(1) provides:

§ 1202. Receipt, possession, or transportation of firearms
(a) Persons liable; penalties for violations
Any person who
(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, or
. . . . .
and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both. (emphasis added)