487 So.2d 147 (1986)
STATE of Louisiana
v.
Pinky CARR.
No. KA-4608.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
Rehearing Denied May 15, 1986.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Christina H. Belew, Asst. Dist. Atty., Carl Kafka, New Orleans, for State of La., plaintiff-appellant.
Raleigh L. Ohlmeyer, Jr., New Orleans, for Pinky Carr, defendant-appellee.
Before GARRISON, BYRNES and WARD, JJ.
BYRNES, Judge.
By this appeal the state seeks reversal of a judgment of the trial court granting defendant's motion to quash a bill of information charging her with being a convicted felon in possession of firearms, a violation of R.S. 14:95.1. The facts of the case are as follows:
On February 26, 1985, defendant was convicted of possession of cocaine; however, she was not sentenced for this offense until April 5th. On March 9th, defendant was arrested for an unrelated charge and found to be in possession of a hand gun. On April 16, the District Attorney filed a bill of information charging her with a violation of R.S. 14:95.1.
Defendant moved to quash this bill, arguing that because she had not been sentenced on the cocaine conviction or had the opportunity to appeal, the conviction was not final and could not be used as the predicate offense for the R.S. 14:95.1 charge. The trial judge agreed and granted the motion. We reverse.
In State v. Bailey, 461 So.2d 336 (La. App. 2nd Cir.1984) the Second Circuit addressed this same issue. The defendant in Bailey, had a prior conviction for cocaine possession, the appeal of which was pending at the time he was charged with a violation of R.S. 14:95.1. The trial court granted his motion to quash the bill of information charging him with this offense.
In reversing the trial court, the Second Circuit relied heavily on State v. Williams, *148 392 So.2d 448 (La.1980), in which the Louisiana Supreme Court compared Louisiana's statute prohibiting possession of firearms by convicted felons with the comparable federal statute and concluded that:
The Louisiana legislature, like Congress, "... could rationally conclude that any felony conviction, even a [sic] allegedly invalid one, is a sufficient basis on which to prohibit the possession of a firearm." [citations omitted] LSA-R.S. 14:95.1 represents a reasonable exercise of the police power. 392 So.2d at 450.
Following this reasoning, we conclude that the trial judge erred by granting defendant's motion to quash. Defendant had already been convicted by a unanimous jury of a felony (possession of cocaine) when she was found to be in possession of a firearm. The fact that she had not been sentenced does not change the fact that she was convicted. R.S. 14:95.1 is directed at "... any person who has been convicted..." of certain offenses. C.Cr.P. Art. 934(3) provides that:
"Convicted" means adjudicated guilty after a plea or after trial on the merits.
In this case, defendant was adjudicated guilty after a trial on the merits. The fact that she had not been sentenced is, in our opinion, irrelevant. Sentencing is a separate stage of a criminal prosecution from conviction. We find that defendant's conviction alone subjected her to the provisions of R.S. 14:95.1.
Defendant argues that Bailey and Williams involved convictions obtained by guilty pleas and that this somehow distinguishes her case from those. We do not agree. To begin with, C.Cr.P. 934(3) expressly includes a plea as one of the ways a person can be convicted. Moreover, the public policy behind R.S. 14:95.1 is to limit the possession of firearms by persons who have demonstrated a dangerous disregard for the law and present a potential threat of further or future criminal activity. State v. Williams, supra. The legislature has defined this class of persons to include those convicted of certain felonies. Defendant was convicted of such a felony and thus could be charged with violating R.S. 14:95.1.
We therefore reverse the ruling of the trial court and vacate his judgment quashing the bill of information.
REVERSED.