621 So.2d 114 (1993)
STATE of Louisiana, Appellee,
v.
WASHINGTON, Appellant.
No. 25072-KA.
Court of Appeal of Louisiana, Second Circuit.
June 23, 1993.
*116 Indigent Defender Board by Charles Smith, Alfred R. Beresko, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, James M. Bullers, Dist. Atty., Whitley R. Graves and Charles Minifield, Asst. Dist. Attys., Minden, for appellee.
Before MARVIN, LINDSAY and STEWART, JJ.
LINDSAY, Judge.
The defendant, Elvis Washington, appeals his conviction and sentence for possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1. For the following reasons, we affirm the defendant's conviction and sentence.

FACTS
At approximately 2:15 a.m. on May 5, 1991, Deputy John R. Mendenhall, of the Webster Parish Sheriff's Office, was patrolling the streets of Cullen, Louisiana, when he saw two men behind a closed rooming house owned by Mrs. Essie Moore. The rooming house was locked and boarded up, but the owner had complained to law enforcement officials that people frequently broke into the house to smoke crack cocaine.
Deputy Mendenhall recognized the defendant, having seen him in court recently on another charge. The deputy spoke to the two men who then separated and approached Deputy Mendenhall's vehicle from each side. Deputy Mendenhall radioed for assistance.
As the defendant approached, he informed the deputy that he had a gun, but that it did not have a bullet in the chamber. The defendant produced the weapon and laid it on the hood of Deputy Mendenhall's vehicle.
The defendant was arrested for carrying a concealed weapon. However, the defendant was subsequently charged by bill of information with possession of a firearm by a convicted felon after it was learned that the defendant had previously been convicted of possession of cocaine on February 26, 1991. That conviction was affirmed by this court on April 18, 1992. State v. Washington, 597 So.2d 1084 (La.App. 2d Cir.1992).
The defendant filed a motion to suppress the firearm, alleging that Deputy Mendenhall did not have reasonable suspicion or probable cause to stop him and therefore the gun was seized incident to an invalid investigatory stop. Following a hearing, the motion was denied by the trial court.
Thereafter, the defendant entered a plea of guilty to possession of a firearm by a convicted felon, reserving his right to appeal the trial court judgment which overruled his motion to suppress evidence.
Pursuant to the Louisiana Sentencing Guidelines, the defendant was sentenced to serve 66 months at hard labor.
The defendant has appealed his conviction and sentence. On appeal, he contends that the trial court erred in failing to grant his motion to suppress the firearm, that his underlying felony conviction for possession of cocaine was not final at the time he is alleged to have illegally possessed a firearm and that the trial court erred in its use of prior convictions in arriving at his sentence under the Sentencing Guidelines.

MOTION TO SUPPRESS
The defendant argues that the trial court erred in failing to sustain his motion to suppress evidence of the firearm. The defendant contends that Deputy Mendenhall did not have reasonable suspicion to stop him and therefore, the firearm obtained pursuant to the invalid investigatory stop was not admissible against him. This argument is without merit.
Investigatory stops are authorized by federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In this state, such stops are authorized under LSA-C.Cr.P. Art. 215.1 which provides:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him name, address, and an explanation of his actions.

*117 B. When the law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
C. If the law enforcement officer finds a dangerous weapon, he may take and keep it until the completion of the questioning, at which time he shall either return it, if lawfully possessed, or arrest such person.
The Fourth Amendment's protection against unreasonable search and seizure extends to an investigatory stop of a person. State v. Albert, 553 So.2d 967 (La. App. 4th Cir.1989).
The right to make an investigatory stop must be based on reasonable cause to believe that the suspect has been, is, or is about to be engaged in criminal activity. State v. Patterson, 588 So.2d 392 (La.App. 4th Cir.1991); State v. Thibodeaux, 531 So.2d 284 (La.App. 3rd Cir.1987).
Reasonable cause for an investigatory stop is something less than probable cause, but the officer must have "articulable knowledge" of particular facts, which in conjunction with reasonable inferences drawn therefrom provide reasonable grounds to suspect the detainee of criminal activity. State v. Thibodeaux, supra; State v. Rodriguez, 396 So.2d 1312 (La. 1981).
Reasonable cause must be determined in each case by whether the officer has sufficient articulable knowledge of facts and circumstances to justify an infringement on the individual's right to be free from government interference. State v. Tucker, 591 So.2d 1208 (La.App. 2d Cir. 1991), writ denied 594 So.2d 1317 (La.1992).
To assess the validity of an investigatory stop under Terry v. Ohio, supra, and its Louisiana statutory equivalent, LSA-C.Cr.P. Art. 215.1, the critical inquiry focuses on the knowledge in the officer's possession at the time of the stop and whether that knowledge constitutes reasonable cause for such a stop. State v. Williams, 421 So.2d 874 (La.1982).
The totality of the circumstances must be considered in determining whether reasonable cause exists. State v. Patterson, supra. Under Terry v. Ohio, supra, the test for determining reasonableness requires balancing the need to search or seize against the invasion which it entails. State v. Albert, supra.
In the present case, Deputy Mendenhall spotted the defendant and another man at approximately 2:15 a.m. behind a rooming house which was a place known for drug activity. The rooming house had been broken into on several occasions. The area was extremely dark. According to Deputy Mendenhall, he asked the defendant and the other man to approach his vehicle. When they voluntarily complied, the defendant also volunteered that he had a gun. The defendant removed the gun from the waistband of his trousers and placed it on the hood of Deputy Mendenhall's vehicle.
Deputy Mendenhall's testimony was corroborated by that of Deputy Billy G. Allen, Jr. Deputy Allen responded to Deputy Mendenhall's call for assistance and observed the defendant remove the gun from his person and place it on the hood of the vehicle. According to Deputy Allen, the defendant was not searched and the defendant voluntarily surrendered the weapon he was carrying.
The defendant gives a slightly different version of the incident. The defendant claims that Deputy Mendenhall approached and said that he was looking for him. He stated that Deputy Mendenhall noticed a bulge under the defendant's shirt and upon inquiry, the defendant took the gun out of his waistband and surrendered it.
The defendant argues that Deputy Mendenhall was "looking for someone to stop and question for whatever reason." He argues that "simply to say that the area was a heavy drug area is not sufficient reason to stop Elvis Washington that *118 night." The record does not support this argument.
Deputy Mendenhall observed the defendant and his companion in the early morning hours behind the rooming house which had been the subject of numerous complaints of criminal activity. The area was in total darkness. Under these circumstances, the officer was clearly authorized to inquire as to the defendant's activities. Before the officer even made his inquiry, however, the defendant voluntarily approached the officer and produced the weapon. There was no search.
The trial court was correct in denying the defendant's motion to suppress. When Deputy Mendenhall approached the defendant and his companion, he had reasonable cause to make an investigatory stop. Further, according to the testimony given by both the law enforcement officials and the defendant, the defendant voluntarily surrendered his firearm to Deputy Mendenhall.
This assignment of error has no merit.

VALIDITY OF UNDERLYING FELONY
The defendant contends that his guilty plea was not valid, because he was not a "convicted felon" at the time the present offense was committed on May 5, 1991. The defendant had been found guilty of possession of cocaine on February 26, 1991, but that conviction was not affirmed until April 23, 1992. The defendant argues that because his conviction for possession of cocaine was not final at the time he was found to be in possession of a firearm, he was not a convicted felon.
The issue raised by the defendant was squarely addressed in the case of State v. Bailey, 461 So.2d 336 (La.App. 2d Cir. 1984). In that case, the trial court sustained a motion to quash a bill of information charging the defendant with possession of a firearm by a convicted felon because, at the time the bill was filed, the defendant's appeal of the predicate felony offense was still pending. The trial court found that the term "convicted of" used in LSA-R.S. 14:95.1 means a conviction that has become final either because it was not appealed or because it was affirmed on appeal.
This court reversed the trial court judgment. State v. Bailey, supra, contains a detailed discussion of the definition of "conviction" in both the context of habitual offender proceedings and cases charging a defendant with possession of a firearm by a convicted felon. The Bailey decision followed the Louisiana Supreme Court's pronouncement in State v. Williams, 392 So.2d 448 (La.1980), which adopted the approach taken in federal statutes and jurisprudence dealing with possession of firearms by convicted felons. The court concluded that any felony conviction, even an allegedly invalid one, is a sufficient basis upon which to prohibit the possession of a firearm.
The Williams case points out that the purpose of LSA-R.S. 14:95.1 is to prohibit persons, who have committed serious felonies and have thereby demonstrated a dangerous disregard for the law and pose a potential threat of future criminal activities, from possessing firearms. The court stressed the reasons behind the law, to keep guns out of the possession of convicted felons and to protect the public from their future criminal action. The court in Williams then stated that the threat is not lessened by a technical defect in a prior felony conviction.
In State v. Bailey, supra, this court held:
Though the court in Williams did not address the meaning of conviction as defined to include only a final conviction in [State v.] Gani [157 La. 231, 102 So. 318 (1924)] and it's [sic] progeny, the Williams court unequivocally held that an invalid conviction containing technical defects can serve as a 14:95.1 predicate. We conclude that the very purpose of an appeal is to determine the correctness of "allegedly" invalid convictions and those containing technical defects. Since convictions subject to these infirmities [sic] can serve as the predicate for a 14:95.1 prosecution there is no sound reason why a conviction pending on appeal cannot serve as a 14:95.1 predicate.

*119 The conviction need not be finally adjudicated as valid to serve as the 14:95.1 predicate.
The decision in State v. Bailey, supra, was followed in State v. Carr, 487 So.2d 147 (La.App. 4th Cir.1986). See and compare State v. Lewis, 564 So.2d 765 (La.App. 2d Cir.1990), which deals with the definition of "conviction" in the context of habitual offender statutes and distinguishes State v. Bailey, supra.
The defendant recognizes that his argument is contrary to the jurisprudential rule established by this court in State v. Bailey, supra. Nevertheless, he urges this court to overrule Bailey and argues that the definition of "conviction," as it is applied under the habitual offender statute, should also be applied to charges of possession of a firearm by a convicted felon. The defendant urges this court to follow the definition of "conviction" set forth in State v. Gani, 157 La. 231, 102 So. 318 (1924), in which the court held the term is used to denote that the prior conviction must be finally adjudicated as valid when the conviction is made the ground of some disability or special penalty.
We find the defendant's arguments unpersuasive and decline to overrule our prior holding in State v. Bailey, supra. Therefore, we conclude that the defendant's prior conviction for possession of cocaine was a proper predicate for the present conviction.

MOTION TO RECONSIDER SENTENCE
Pursuant to the Louisiana Sentencing Guidelines, the defendant was sentenced to serve 66 months at hard labor, with credit for time served.[1] The sentence was ordered to be served consecutively with any other sentence. The defendant timely filed a motion to reconsider, which was denied by the trial court. On appeal, the defendant argues that the sentence imposed was excessive and not in conformity with the sentencing guidelines. These arguments are meritless.
The defendant first argues that in arriving at his sentence, the trial court erred in considering, as a part of his criminal history index score, his previous conviction for possession of cocaine. The defendant argues that, because the possession of cocaine charge was the predicate offense for the charge of possession of a firearm by a convicted felon, the use of this prior conviction again for purposes of computing his criminal history index score causes him to be penalized twice. This argument is meritless.
In C. Joseph, B. Boudreaux, C. Lindsay and M. Menezes, Louisiana Sentencing Guidelines Manual (1993), the introduction, Section VI, Part I, states:
... The Guidelines' criminal history index computation does not create an exception for prior convictions which are also enhancement elements of the current offense. This scheme does not involve the type of "double enhancement" found to bar the use of the habitual offender statute in cases where the prior felony is both the predicate felony in the substantive count of possession of a firearm by a felon as well as the predicate conviction for the habitual bill. These cases turn on whether there was a legislative intent to enhance in both fashions. There is no indication of an intention of the Louisiana Sentencing Commission to exclude such prior convictions in computing the offender's criminal history index. In Louisiana, the repeat offender in such instance is more severely punished both in terms of the grade of the offense as well as in terms of his criminal history index. [Footnotes omitted.]
Therefore, we find that the trial court did not err in considering the defendant's prior conviction for possession of cocaine in computing his criminal history index score.
The defendant also contends that another of his prior convictions, simple criminal damage to property, should not have been used in computing his criminal *120 history index score. He argues that this conviction should have been disregarded because it was not final at the time the instant offense occurred.
The record reflects that the defendant pled guilty to the offense of simple criminal damage to property on June 17, 1991. The defendant points out that he had not been convicted of simple criminal damage to property (June 17, 1991) at the time the present firearm offense was committed (May 5, 1991). Therefore, he contends that the property damage offense should not be used in computing his criminal history index score for the present conviction which occurred on June 16, 1992. This argument is meritless.
The introduction to the Louisiana Sentencing Guidelines Manual, supra, Section VI, Part G(3), provides:
The terms "prior conviction" and "prior adjudication" are defined in terms of the sequence of the plea or verdict occurring before the conviction for the current offense, not in terms of the sequence of the commission of the respective offenses....
Further, La.S.G., § 205(B)(8), provides:
"Prior conviction" or "prior adjudication" for purposes of the Guidelines, means a plea of guilty or nolo contendere, a verdict of guilty, a judgment of guilt, or an adjudication of delinquency occurring before the conviction for the offense which serves as the basis for the current sentencing.
In the instant case, the defendant pled guilty to the charge of simple criminal damage to property on June 17, 1991. The defendant pled guilty to the charge of possession of a firearm by a convicted felon on June 16, 1992. Therefore, the defendant's conviction for simple criminal damage to property occurred almost one year before his conviction for possession of a firearm by a convicted felon. Under the Louisiana Sentencing Guidelines, the trial court was correct in including the prior property damage conviction in the defendant's criminal history index score for purposes of sentencing on the present offense.
The prosecution, in its brief to this court, points out that the trial court failed to impose the mandatory minimum fine of $1,000 and failed to order that the sentence imposed be served without benefit of parole, probation or suspension of sentence, as required by LSA-R.S. 14:95.1. However, the prosecution failed to file a motion to reconsider the sentence in accordance with LSA-C.Cr.P. Art. 881.1 which provides that failure to make or file a motion to reconsider the sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review. Further, it is well settled that appellate courts are prohibited from acting to correct an illegally lenient sentence where the prosecution fails to properly preserve the issue for appeal. State v. Fraser, 484 So.2d 122 (La.1986).

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Elvis Washington.
AFFIRMED.
NOTES
[1] Based upon the offense of conviction, possession of a firearm by a convicted felon, and the defendant's criminal history index score of four points, the defendant was sentenced pursuant to the Sentencing Guidelines, grid level 5-B.