808 So.2d 735 (2001)
STATE of Louisiana
v.
Jerry W. FOY.
No. 2000 KA 2521.
Court of Appeal of Louisiana, First Circuit.
June 22, 2001.
*736 Walter P. Reed, District Attorney, Covington, Dorothy Pendergast, Attorney for the State, Metairie, Counsels for Plaintiff, Appellee State of Louisiana.
Frank Sloan, Appellate Attorney, Covington, Counsel for Defendant, Appellant Jerry W. Foy.
Before: GONZALES, PETTIGREW, SEXTON, JJ.[1]
FRED C. SEXTON, JR., Judge Pro Tem.
Defendant Jerry W. Foy was charged by bill of information (# 297922 "A") with driving while intoxicated (DWI), fourth offense, a violation of LSA-R.S. 14:98. The trial court denied defendant's motion styled as a "Motion to Quash and To Suppress Evidence of Prior Offense." Defendant subsequently pled guilty, reserving his right to appeal the denial pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The court sentenced defendant to ten years at hard labor without benefit of parole, probation or suspension of sentence. At the same time, defendant entered two more guilty pleas to fourth offense DWI (under bill nos. 299982"A" and 302304"A") and received two more sentences of ten years at hard labor without benefit of parole, probation or suspension of sentence. The court ordered that all three sentences run concurrently.
Defendant appeals, urging as his sole assignment of error that the trial court improperly denied his motion to quash.[2]

FACTS
The bill of information indicates that defendant committed this offense on November *737 8, 1998. Because defendant pled guilty, the facts were never fully developed for the record. The prosecutor and defense counsel stipulated that the bill of information and police reports filed into the record establish the factual basis for the offense.

ASSIGNMENT OF ERROR
Defendant contends that the trial court erred in denying his motion to quash. The bill of information charged defendant with fourth offense DWI, relying upon three predicate offenses. In January 1990, defendant entered a counseled DWI guilty/ nolo contendere plea in the Hammond City Court for a November 12, 1989 offense (Predicate No. 1). On August 10, 1992, defendant entered counseled third and fourth offense DWI guilty pleas in the 21st Judicial District Court, Tangipahoa Parish, for February 11, 1990 and October 13, 1991 offenses respectively (Predicates No. 2 and 3).
In conjunction with his memorandum in support of the motion to quash, defendant filed into the record the documentary evidence apparently relied upon by the State to prove the three predicate offenses: 1) the January 29, 1990 Hammond City Court minute entry; 2) the Waiver of Constitutional Rights Plea of Guilty/Nolo Contendere form for Predicate No. 1; 3) the August 10, 1992 minute entries; and 4) a transcript of the August 10, 1992 guilty pleas and sentencing proceedings.
While defendant's motion originally alleged several defects, he raises only two issues on appeal. First, he contends that Predicate No. 1 is invalid for enhancement purposes because he was not informed of his "right to remain silent at trial." (Emphasis ours.) Second, he contends that Predicates No. 2 and 3 are invalid for enhancement purposes because he was "misadvised" about his "right to be confronted by [his] accusers." We conclude, however, that the trial court correctly denied defendant's motion.
In order to use a misdemeanor guilty plea as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty, he waives 1) his privilege against compulsory self-incrimination; 2) his right to trial and jury trial where applicable; and 3) his right to confront his accuser. The trial judge must ascertain that the accused understands what the plea connotes and its consequences. State v. Jones, 404 So.2d 1192 (La.1981).
If a defendant denies the allegations contained in the bill of information, the State must prove the existence of a prior guilty plea and that defendant was represented by counsel at the time. If the State meets this initial burden, the defendant must then produce affirmative evidence showing an infringement of his rights or a procedural irregularity in taking the plea. If the defendant is able to do this, the burden of proving the plea's constitutionality shifts back to the State. See State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556. To meet this requirement, the State may rely on a contemporaneous record of the guilty plea proceeding, i.e. either the transcript or the minute entry. Everything in the record concerning the predicate and the trial judge's opportunity to observe the defendant's appearance, demeanor and responses in court should be considered in determining whether a *738 knowing and intelligent waiver of rights occurred. State v. Cadiere, 99-0970 (La. App. 1st Cir.2/18/00), 754 So.2d 294, writ denied, XXXX-XXXX (La.11/13/00), 774 So.2d 971.
Here, the State did not produce a transcript in connection with Predicate No. 1. The defendant relies on State v. Age, 417 So.2d 1183 (La.1981) (on rehearing); State v. Robicheaux, 412 So.2d 1313 (La. 1982); and State v. Martin, 382 So.2d 933 (La.1980), overruled on other grounds by State v. Williams, 392 So.2d 448 (La.1980).
However, upon considering all of the circumstances herein, we find the guilty/ nolo contendere plea in Predicate No. 1 distinguishable from the cases relied upon by defendant. See State v. Yarbrough, 418 So.2d 503 (La.1982). The Waiver of Constitutional Rights Plea of Guilty/Nolo Contendere form first informs the defendant that he has a right to trial and appeal and that he will waive those rights. After advising him of the possible penalties for first, second, third and fourth offense DWI, the form continues in pertinent part:
I fully understand that by pleading guilty/nolo contendere, I am waiving my rights to confront and cross-examine the witnesses who accuse me of the crime charged, and to the compulsory process of the court to require witnesses to appear and testify before me.
I further understand that I am waiving my privilege against self-incrimination and by pleading guilty I am in fact incriminating myself. I understand that if I elected to have a trial I have a right to competent counsel to represent me at trail, and if I were unable to pay for Counsel the Court would appoint competent counsel to represent me, but by entering the plea of guilty/nolo contendere I am waiving these rights.
. . . .
The Judge has addressed me personally as to all of these matters and given me the opportunity to make any statement that I desire.
I am fully satisfied with the handling of my case by my attorney and the way in which he has represented me and who has advised me of all my constitutional rights and who signs along with me to indicate he has done so.
While defendant is correct that neither the minute entry nor the Wavier of Constitutional Rights Plea of Guilty/Nolo Contendere form specifically indicates that he is waiving the privilege of self-incrimination at trial, the context in which this particular right is placed within the form is significant. Because the waiver of privilege against self-incrimination appears after the waiver of confrontation, cross examination and compulsory process, and before the waiver of trial and counsel at trial, this waiver obviously refers to trial. See State v. Hensley, 537 So.2d 857 (La. App. 5th Cir.1989); State v. Brooks, 501 So.2d 812 (La.App. 4th Cir.1986).
Furthermore, defendant, already experienced with pleading guilty to DWI, was represented by counsel. The form, signed by the judge, prosecutor, defense counsel and defendant, acknowledged that the judge had personally addressed defendant concerning "all of these matters." In signing the form, defendant admitted that defense counsel also "advised [him] of all [his] constitutional rights." Defense counsel's signature further evidenced that he had done so. Thus, considering all of the circumstances, we find no merit to this argument.
Regarding the argument that Predicates No. 2 and 3 are invalid, we again look to the context in which the right to confrontation was placed. Defendant is correct in his assertion that he was "misadvised" about having "the right to be *739 confronted by your accusers." This incorrect statement appears both in the minute entries and the transcript. But an examination of the relevant portion of the transcript leaves no doubt that the judge ultimately conveyed to defendant the correct meaning of the right to confrontation:
Q. Let me advise you also that you have an absolute right to plead not guilty to these charges and the burden of proving each and every element of the offenses for which you are charged beyond a reasonable doubt rests on the State of Louisiana. In other words, they must prove that you are guilty. You do not have to prove that you are innocent.
Do you understand that right?
A. Yes sir.
Q. You also have the right to a trial by jury, the right to waive and give that up and just be tried by a judge alone.
A. Yes sir.
Q. You also have the right to be confronted by your accusers and to cross examine them, that means that those persons who are saying you committed these offenses must come in to court and under oath testify subject to your right of cross examination through your attorney. Do you understand that right?
A. Yes sir.
Q. You also have the right to remain silent both at this time and at trial and you are not required to testify against yourself and incriminate yourself in any way. Do you understand that right?
A. Yes sir.
Q. If you go to trial on the charges and are convicted at the trial you have the right to appeal that conviction to a higher court seat to reverse that conviction. Do you understand that right?
A. Yes sir.
Q. When you plead guilty as you are doing now Mr. Foy you are waiving and giving up each and every one of those rights I have gone over with you. Do you understand that you are doing that?
A. Yes sir.
Q. And you do wish to enter these pleas of guilty and to waive those rights?
A. Yes sir.
Q. Has anybody threatened or coerced you to enter these pleas of guilty?
A. No sir.
(Emphasis ours.)
The trial judge clearly told defendant that those accusing him must appear in court, under oath and subject to cross examination by his attorney. Furthermore, this defendant, no stranger to DWI prosecutions by then, was again represented by counsel.
Considering the documentary evidence in light of the jurisprudence, we conclude that these three predicate DWI guilty pleas established valid waivers of Boykin rights and, therefore, were properly used by the State to enhance defendant's fourth offense DWI conviction. Accordingly, we find no error in the trial court's decision to deny defendant's motion to quash and suppress these prior convictions. This assignment of error has no merit.
The defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The Honorable Fred C. Sexton, Jr., Judge (retired), Second Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] All three of defendant's guilty pleas to fourth offense DWI were based upon the same three predicate offenses, but each conviction and sentence has been separately appealed. See State v. Foy, 2000 KA 2522 and 2000 KA 2523 (La.App. 1Cir. 06/22/01) 800 So.2d 443, also decided this date in unpublished opinions.