DOWNING, J.
|;>The defendant, Shannon Byrd, was charged by bill of information with simple kidnapping, a violation of La. R.S. 14:45(A)(4). She pled not guilty and filed a motion to quash the bill of information. The motion to quash was based upon lack of jurisdiction and lack of an essential element of the offense charged. Following a hearing, the trial court granted the motion to quash. The court found that the defendant’s failure to appear in court after being summoned was possibly contempt of court but was not a crime. From this adverse ruling, the state now appeals.
*683 Finding no merit in the assigned error, we affirm the trial court’s ruling granting the motion to quash the bill of information.
FACTS
The bill of information originally listed the dates of the offense as July 1, 2002 to August 22, 2003. On March 1, 2004, prior to the hearing on the motion to quash, the state amended the bill of information to allege that the offense occurred between November 1, 2001 and August 22, 2003.
The testimonial evidence and stipulations by counsel at the hearing on the motion to quash established the following:
The defendant and Kenneth Paul Pen-ton were divorced in Washington Parish in 1993. At the time of the divorce, the 22nd Judicial District Court issued an order granting the parties joint custody of their minor son, S.P., with the defendant named as domiciliary parent. Later, in 1998, both parents left Washington Parish. Mr. Penton relocated to Arizona, and the defendant (and S.P.) moved to Livingston Parish. The defendant remained in Livingston Parish until December 2001, when she relocated to Texas.
In January 2002, Mr. Penton filed a pleading entitled, “MOTION AND ORDER FOR OBJECTION TO RELOCATION OF MINOR OUT ROF STATE, RULE FOR CONTEMPT, SUPPLEMENTAL and AMENDING RULE FOR MODIFICATION OF CUSTODY, HABE-AS CORPUS and REQUEST FOR EXPEDITED HEARING.” On April 30, 2002, Mr. Penton filed a “RULE TO TERMINATE CHILD SUPPORT or ALTERNATIVELY TO MODIFY CHILD SUPPORT and REQUEST FOR BOND TO SECURE VISITATION ORDER.” A hearing on these motions was set for July 9, 2002. On June 10, 2002, the defendant was personally served via the long-arm statute with notice of the hearing and a summons to appear. When the defendant failed to appear for the hearing, Judge Larry J. Green issued a judgment terminating the prior joint custody judgment and awarding the immediate and sole custody of the minor child to the father, Mr. Penton. The judgment denied any visitation or custodial visitation rights in favor of the defendant. The judgment also ordered the defendant to pay Mr. Penton’s attorney’s fees and court costs.
Because the defendant had then moved from her last known address in Texas, all efforts to locate her to enforce the custody judgment were unsuccessful. Donelle Byrd, the defendant’s mother, testified that shortly after the defendant failed to appear for the July 2002 hearing, the Den-ham Springs Police Department contacted her at her residence and asked if she knew where the defendant moved. Ms. Byrd stated that, although she was well aware of her daughter’s whereabouts and spoke with her regularly, she refused to provide that information to the police. On January 6, 2003, a warrant was issued in Washington Parish, Louisiana for the defendant’s arrest on the charge of simple kidnapping of S.P. The defendant’s whereabouts remained unknown until August 13, 2003, when she was located in Haltom City, Texas. The defendant was arrested pursuant to the | outstanding warrant in Washington Parish, Louisiana. The defendant waived extradition and was transported back to Washington Parish.
ASSIGNMENT OF ERROR
In its sole assignment of error, the state avers the trial court erred in granting the motion to quash. Specifically, the state argues the trial court erroneously allowed the defendant to raise a factual defense on the merits of the case in the motion to quash. The state alternatively argues that a review of the record of the civil, domestic *684 proceedings shows that the parties were involved in a protracted litigation regarding custody and/or visitation and that the defendant fled the state of Louisiana only after suffering several adverse custody rulings. Thus, the state avers, the defendant’s action of moving to an undisclosed address in Texas after being served with process to appear for a custody hearing was clearly an effort to evade the Louisiana court’s jurisdiction in this matter.
In granting the motion to quash, the trial court ruled:
Well, from the evidence that’s been presented, Ms. Byrd lived in Washington Parish for awhile and filed her domestic proceeding for divorce in Washington Parish which established the custody of this child as joint custody but with the mother being the domiciliary parent and, from her mother’s testimony, the father having only supervised visitation.
The mother then moves to Livingston Parish and lives there for more than a year. If these people wanted to fight it out there, they could have had venue recognized in Livingston Parish and should have. Nonetheless, she lives in Livingston Parish. The dad apparently moves on to Arizona. I mean if he had lived there six months and had the child there six months, he could have asked that the jurisdiction transfer to Arizona, which apparently he did not do.
He’s living in Arizona. Mother for some reason or the other, I don’t know if it’s job, new marriage or what, but she moves to Fort Worth, Texas, area and she lives there with this child.
There was nothing that I’ve been presented with that shows that there was any pending action in the domestic case at Lthe time she moved. There was nothing pending that would have prevented her from moving. And the father had long since left Louisiana, so he didn’t have any particular interest in Louisiana at that point.
Now, she is then served with a summons, or the rule to show cause I guess in the domestic proceeding to come here and submit herself to Washington Parish for a rule to show cause in the domestic proceeding, and she fails to show up.
Now, that can be contempt. It can be contempt of court in the domestic proceeding, but it is not a crime.
The motion to quash is essentially a mechanism by which to raise pretrial pleas of defense, i.e., those matters that do not go to the merits of the charge. La.Code Crim. P. art. 531-534. It is treated much like an exception of no cause of action in a civil suit. State v. Gerstenberger, 260 La. 145, 255 So.2d 720, 723 (1971).
Louisiana Code of Criminal Procedure art. 532, which specifies the grounds for quashing a bill of information, provides:
A motion to quash may be based on one or more of the following grounds:
(1) The indictment fails to charge an offense which is punishable under a valid statute.
(2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII. In such case the court may permit the district attorney to amend the indictment to correct the defect.
(3) The indictment is duplicitous [sic] or contains a misjoinder of defendants or offenses: In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.
(4) The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court may overrule *685 the motion if a sufficient bill of particulars is furnished within the delay fixed by the court.
(5) A bill of particulars has shown a ground for quashing the indictment under Article 485.
(6) Trial for the offense charged would constitute double jeopardy.
|fi(7) The time limitation for the institution of prosecution or for the commencement of trial has expired.
(8) The court has no jurisdiction of the offense charged.
(9) The general venire or the petit jury venire was improperly drawn, selected, or constituted.
(Footnote omitted.)
In State v. Odom, 02-2698, p. 11 (La.App. 1 Cir. 6/27/03), 861 So.2d 187, 194-195, writ denied, 03-2142 (La.10/17/03), 855 So.2d 765, this court considered the Official Revision Comment to La.Code Crim. P. art. 532, ground (5), which states, in pertinent part, as follows:
[Tjhere is no practical justification for going to trial upon an indictment in a case where the state has filed a bill of particulars showing that the offense charged was not committed, that the offense was not committed by the defendant, or that the time limitations have run. This is a situation that was not provided for in the 1928 Louisiana Code of Criminal Procedure. However, the Louisiana Supreme Court, in State v. Marino, 214 La. 744, 38 So.2d 622 (1949), broadly interpreted the motion to quash to afford relief where insufficiency of the charge was brought out in the bill of particulars. Art. 485 covers any case where the bill of particulars shows an affirmative defense to the crime. Under Art. 485, such an indictment is to be quashed unless the defect is cured by another bill of particulars.
In considering a motion to quash the indictment, the trial court considers the facts stated in the bill of particulars as true and determines whether or not, if proved, they constitute the crime charged. State v. Odom, 02-2698 at p. 11, 861 So.2d at 195 (citing State v. Bessar, 213 La. 299, 310, 34 So.2d 785, 789 (1948)).
Louisiana Revised Statutes 14:45(A)(4) provides:
A. Simple kidnapping is:
[[Image here]]
(4) The intentional taking, enticing or decoying away and removing from the state, by any parent of his or her child, from the custody of any person to whom custody has been awarded by any court of competent jurisdiction of any state, without the ^consent of the legal custodian, with intent to defeat the jurisdiction of the said court over the custody of the child. (Emphasis added.)
In the instant case, the defendant’s action of relocating S.P. from Louisiana to Texas cannot be used as a basis for prosecution under La. R.S. 14:45(A)(4). The facts and circumstances alleged fail to describe the necessary elements of the offense charged. It is undisputed that the defendant had legal custody of S.P. both when she removed him from the state of Louisiana, and when she moved from the Texas address known to Mr. Penton. Thus, the essential elements of simple (parental) kidnapping that requires an intentional taking or removing from the state of a child by a noncustodial parent, without the consent of the legal custodian, are lacking. The removal of a child from the state by a custodial parent does not fit the statutory definition of simple (parental) kidnapping. Moreover, although the state asserts that the defendant and Mr. Penton were involved in an ongoing “extensive domestic custody dispute” when she left *686 the state, this claim is unsupported by the record.[1]
Furthermore, while the defendant’s actions of failing to comply with Judge Green’s order to appear at the July 2002 custody hearing and absconding with S.P. for over a year could possibly support a finding of contempt of court-ordered visitation, these actions, when committed by a custodial parent, do not describe the offense of simple kidnapping. Regarding the change in custody, although the record reflects that Judge Green terminated the defendant’s custody and issued a judgment granting sole custody to Mr. Penton, there is nothing to indicate that the defendant |Rwas aware of the change in custody prior to her arrest. The trial court did not err in granting the motion to quash. This assignment of error lacks merit.
DECREE
For the foregoing reasons, we affirm the ruling of the trial court granting the defendant’s motion to quash the bill of information.
AFFIRMED.
GAIDRY, J., concurs.

. In its brief, the state repeatedly references the record of the civil custody proceedings. The transcript of the hearing on the motion to quash reflects that the civil record, in its entirety, was never accepted as evidence and/or considered by the trial court in its ruling on the motion. The only items introduced and accepted into evidence were the two 2002 civil pleadings filed by Mr. Penton that formed the basis of the July 9, 2002 custody hearing. The state moved to have the appeal record supplemented with the record from the civil proceedings. This court denied the motion.