GUIDRY, J.
|2The defendant, William 0. Jenkins, II, was charged by amended bill of information with one count of driving while intoxicated (DWI), third-offense,[1] a violation of La. R.S. 14:98. He initially pled not guilty and moved to quash the bill. Following the denial of his motion to quash, he pled guilty, reserving his right to seek review of the court’s ruling on the motion to quash. See State v. Crosby, 338 So.2d 584, 588 (La.1976). Pursuant to a plea agreement, he was sentenced to five years at hard *1077 labor, with one year without benefit of parole.
On appeal, defense counsel initially filed a brief presenting no assignments of error and stating it was filed to conform with the procedures outlined in State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam); see also State v. Benjamin, 573 So.2d 528, 530-31 (La.App. 4th Cir.1990).[2] Defense counsel also filed a motion to withdraw; however, because the defendant had reserved his right to appeal the denial of his motion to quash under Crosby, this court denied the motion and ordered defense counsel either to file a new brief arguing the denial of the motion to quash or to file a letter certifying that he had discussed the issue with the defendant, and the defendant agreed to waive appellate review of the denial of his motion to quash. Thereafter, defense counsel filed a supplemental brief challenging the denial of the motion to quash. For the following reasons, we affirm the conviction and sentence.
IsFACTS
No factual basis appears in the record because the State and the defense stipulated a factual basis existed for the defendant’s guilty plea. The bill of information charged the offense was committed on July 11, 2010.
MOTION TO QUASH
In his sole assignment of error, the defendant contends the trial court erred in denying the motion to quash. He argues the advice of the privilege against self-incrimination given in connection with predicate # 1 failed to satisfy the requirements of State v. Martin, 382 So.2d 933, 936 (La.1980).[3]
When a trial court denies a motion to quash, factual and credibility determinations should not be reversed in the absence of a clear abuse of the trial court’s discretion. See State v. Odom, 02-2698, p. 6 (La.App. 1st Cir.6/27/03), 861 So.2d 187, 191, writ denied, 03-2142 (La.10/17/03), 855 So.2d 765. However, a trial court’s legal findings are subject to a de novo standard of review. See State v. Smith, 99-0606, p. 3 (La.7/6/00), 766 So.2d 501, 504.
In order for a guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty, he waives: (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where applicable; and (c) his right to confront his accuser. The judge must also ascertain that the accused understands what the plea connotes and its consequences. State v. Henry, 00-2250, p. 8 (La.App. 1st Cir.5/11/01), 788 So.2d 535, 541, writ denied, 01-2299 (La.6/21/02), 818 So.2d 791. If the defendant denies the allegations of the bill of information, the State has the initial burden to prove the existence of the prior guilty plea and that the defendant was represented |4by counsel when it was taken. If the State meets *1078 this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea reverts to the State. See State v. Carlos, 98-1366, pp. 6-8 (La.7/7/99), 738 So.2d 556, 559-60.
To meet this requirement, the State may rely on a contemporaneous record of the guilty plea proceeding, ie., either the transcript of the plea or the minute entry. Everything that appears in the entire record concerning the predicate, as well as the trial judge’s opportunity to observe the defendant’s appearance, demeanor, and responses in court, should be considered in determining whether or not a knowing and intelligent waiver of rights occurred. Henry, 00-2250 at 8, 788 So.2d at 541. Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969) only requires that a defendant be informed of the three rights enumerated above. The jurisprudence has been unwilling to extend the scope of Boykin to include advising the defendant of any other rights which he may have. Henry, 00-2250 at 8-9, 788 So.2d at 541. When a defendant is represented by counsel, the trial court accepting his guilty plea may presume that counsel has explained the nature of the charge in sufficient detail that the defendant has notice of what his plea asks him to admit. The ultimate inquiry under Boykin is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. State v. Juniors, 03-2425, pp. 60-61 (La.6/29/05), 915 So.2d 291, 334-35, cert. denied, 547 U.S. 1115, 126 S.Ct. 1940, 164 L.Ed.2d 669 (2006).
The purpose of the rule of Carlos (which extended the burden-shifting principles delineated in State v. Shelton, 621 So.2d 769 (La.1993), to the recidivist portions of the DWI statute) is to demarcate sharply the differences between direct review of a conviction resulting from a guilty plea, in which the ^appellate court may not presume a valid waiver of rights from a silent record, and a collateral attack on a final conviction used in a subsequent recidivist proceeding, as to which a presumption of regularity attaches to promote the interests of finality. See State v. Deville, 04-1401, pp. 3-4 (La.7/2/04), 879 So.2d 689, 690-91 (per curiam).
Martin involved a State appeal following the granting of a motion to quash. The State had charged the defendant with possession of a firearm after being convicted of simple burglary. The defendant moved to quash, contending the simple burglary conviction had been obtained through a guilty plea that was invalid because he had not been adequately informed of his right against self-incrimination. Martin, 382 So.2d at 934. The court in Martin noted the transcript of the simple burglary guilty plea indicated the sole reference to the defendant’s right against self-incrimination was as follows:
Now, you also waive your right by not going to trial you waive your right to question witnesses against you. By pleading guilty, you’re also waiving your right to remain silent because you’re not remaining silent when you plead guilty. Do you understand that?
Martin, 382 So.2d at 935.
The court in Martin found the above advice insufficient to advise the defendant of his privilege against self-incrimination because it directed his attention “only to the immediate non-trial aspect of this privilege and its waiver, omitting any reference to the defendant’s right to stand trial without being forced to testify against himself.” Martin, 382 So.2d at 936. In a *1079 subsequent decision, the Louisiana Supreme Court held, “[i]n its more recent decision, this court has moved away from [application of Martin ] as a rigid rule.” Yarbrough, 418 So.2d at 510. Additionally, this court has distinguished Martin on the basis of “the context in which [the privilege against self-incrimination] is placed[.]” See State v. Foy, 00-2521, p. 5 (La.App. 1st Cir.6/22/01), 808 So.2d 735, 738.
|fiIn the instant case, the transcript of predicate # 1 indicates that at the time of defendant’s plea to DWI, second offense: the defendant was represented by counsel; he was twenty-eight years old; he had been in school until the 10th grade, and had then obtained his GED; and he could read, write, speak, and understand the English language. The trial court advised the defendant as follows:
[Court]: Do you understand what’s happening today?
[Defendant]: Yes, sir.
[Court]: You have a right to an attorney. You have a right to go to trial at which the State must prove your guilt beyond a reasonable doubt.
You have a right to confront and cross-examine the witnesses who accuse you of having committed the offense. You also have a right to subpoena witnesses in your own defense. You have a right or a privilege against self-incrimination.
If you were convicted, you would have a right to appeal your conviction to the higher courts. And you would have a right to be represented on appeal. And again, if you couldn’t afford an attorney, the Court would appoint an attorney to represent you at every stage of the appellate process.
Do you understand those rights?
[Defendant]: Yes, sir.
[Court]: Do you waive or give up all those rights?
[Defendant]: Yes, sir.
There was no abuse of discretion or error in the denial of the motion to quash. Consideration of everything that appears in the record convinces us the defendant knowingly and intelligently waived his rights in pleading guilty to predicate # 1. The State not only met its initial burden to prove the existence of the prior guilty plea and that the defendant was represented by counsel when the plea was taken, it also produced a contemporaneous record of the guilty plea proceedings indicating the defendant knowingly and intelligently waived his Boykin rights. The defendant failed to produce any affirmative evidence showing |7an infringement of his rights or a procedural irregularity in the taking of the plea in question.
The facts in this case are much closer to the facts in Foy, than those in Martin. The predicate # 1 court’s explanation to the defendant that “[y]ou have a right or a privilege against self-incrimination” sufficiently advised the defendant of his privilege against self-incrimination at trial. The court had already advised the defendant of his right to confrontation, cross-examination, and compulsory process, and thus, the court’s reference to the defendant’s privilege against self-incrimination obviously referred to that privilege at trial. See Foy, 00-2521 at 5, 808 So.2d at 738. Further, the bill of information concerning predicate # 1, listed an earlier DWI guilty plea by the defendant, indicating he was experienced with pleading guilty to DWI. See Foy, 00-2521 at 5, 808 So.2d at 738. Additionally, the defendant, with representation by counsel, indicated he understood what was occurring, understood his rights, and waived those rights. See Foy, GO-2521 at 5, 808 So.2d at 738.
*1080 Thus, considering all of the circumstances, we find that the defendant was adequately informed of his right against self-incrimination and therefore reject the defendant’s sole assignment of error. Accordingly, we affirm the defendant’s conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.

. Predicate # 1 was set forth as the defendant's June 23, 1999 conviction, under Twenty-second Judicial District Court Docket # 302973, for DWI. Predicate # 2 was set forth as the defendant's October 22, 2001 conviction, under Twenty-second Judicial District Court Docket # 337075, for DWI.

. Benjamin set forth a procedure to comply with Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), wherein the U.S. Supreme Court discussed how appellate counsel should proceed when, upon conscientious review of a case, counsel found the case wholly frivolous.

. Martin was overruled in State v. Williams, 392 So.2d 448, 450 (La.1980), which held a defendant charged with possession of a firearm by a convicted felon under La. R.S. 14:95.1 cannot collaterally attack his prior conviction in the trial of that offense. See State v. Yarbrough, 418 So.2d 503, 510 n. 3 (La. 1982).